Amir J. Goldstein
ajg@consumercounselgroup.com
LAW OFFICES OF AMIR J. GOLDSTEIN
8032 W. Third St. #201
Los Angeles, CA 90048
Telephone: (323) 937-0400
Facsimile: (866) 288-9194
Cal. Bar No. #255620


**Counsel for Plaintiff**

Lance A. Raphael*
lance@caclawyers.com
Justin C. Hagan*
justin@caclawyers.com
Katherine M. Bowen*
kate@caclawyers.com
CONSUMER ADVOCACY CENTER, P.C.
180 W. Washington St., Suite 700
Chicago, IL 60602
Telephone: (312) 782-5808
Facsimile: (312) 377-9930
*Motion for Pro Hac Vice
   Admission Forthcoming

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARLA GORCHOFF, individually and on behalf of all others similarly situated, and LOUIS GORCHOFF, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>        v.<br><br>JEFFERSON CAPITAL SYSTEMS, LLC<br><br>                    Defendant. | Case No.<br><br>**COMPLAINT –  CLASS ACTION**<br><br>Seeking Damages and Injunctive Relief Under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*, Credit Repair Organizations Act, 15 U.S.C. §§ 1679 *et seq.,* and Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788 *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiffs Karla and Louis Gorchoff file this complaint, individually and on behalf of two classes, against Defendant Jefferson Capital Systems, LLC, for its unfair collection activities committed in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), Credit Repair Organizations Act, 15 U.S.C. § 1679 *et seq.* ("CROA"), and Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq*. ("Rosenthal Act").

### Parties

1.      Plaintiff Karla Gorchoff is a natural person who, at all relevant times, has resided within this district.

2.      Plaintiff Louis Gorchoff is a natural person who, at all relevant times, has resided within this district.

3.      Plaintiffs are "consumers" as defined by the FDCPA, 15 U.S.C. § 1692a(3), and the CROA, 15 U.S.C. § 1679a(1).

4.      Defendant Jefferson Capital Systems, LLC, ("Jefferson Capital") is a limited liability corporation with its principal place of business located at 16 McLeland Drive, St. Cloud, Minnesota, that is registered to conduct business in the State of California.

5.      At all relevant times, Jefferson Capital is and was regularly engaged, for profit, in the collection of debts allegedly owed by consumers. Jefferson Capital is therefore a "debt collector," as that term is defined by § 1692a(6) of the FDCPA.

### Jurisdiction and Venue

6.      This Court has federal question jurisdiction under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

7.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

1  Venue is also proper in this district since Defendant transacts business in this district

2  and the activities giving rise to Plaintiff's cause of action occurred in this district.

3                                    **Factual Allegations**

4          8.      Jefferson Capital, in connection with the collection of debts, developed

5  and implemented a "Fresh Start Solution™ Program" ("the Program") to improve its

6  debt collection recoveries.

7          9.      Jefferson Capital solicited consumers to participate in the Program by

8  offering them a MasterCard® credit card in exchange for certain payments made on

9  previously charged-off debt that Jefferson Capital had purchased or was servicing on

10  behalf of a creditor.

11          10.     On or after November 26, 2014, Plaintiffs each received letters

12  (collectively "Offer Letters") from Jefferson Capital regarding alleged debts with

13  Premier Bankcard, LLC. True and correct copies of the Offer Letters are attached as

14  Exhibit A ("Karla's Letter") and Exhibit B ("Louis's Letter").

15          11.     Both Offer Letters state, in prominent bold letters, that "Everyone deserves

16  the opportunity to have a fresh start. For yours, read on…"  Ex. A, Ex. B.

17
18          **Everyone deserves the opportunity to have a fresh start.  For yours, read on. . .**

19          12.     The Offer Letters promise a "debt reduction credit" and the chance to

20  qualify for a credit card in exchange for the completion of a payment plan. Ex. A, Ex.

21  B.

22          **The Fresh Start Solution™ Program ("Program") could help you clear your outstanding balance.**    Your above referenced
23  debt has been referred by your current creditor, Premier Bankcard, LLC, to us, Jefferson Capital Systems, LLC, ("Jefferson Capital")
    for collection. If you choose the Program as an option for resolution of your account outlined above, you can make low monthly
    payments and qualify for a Debt Reduction Credit.

24          **The Fresh Start Solution™ Program ("Program") could help you clear your outstanding balance.**
25  Your above referenced debt has been referred by your current creditor, Premier Bankcard, LLC, to us, Jefferson Capital
    Systems, LLC, ("Jefferson Capital") for collection. If you choose the Program as an option for resolution of your account outlined
    above, you can make low monthly payments, qualify for a Debt Reduction Credit, and qualify for a new unsecured credit card as
    an added bonus.

26          13.     The Offer Letters continue by asking if it "[s]ounds too good to be true?"

27  Ex. A, Ex. B.

28
                                    Class Action Complaint

**Sounds too good to be true?**

14.     The bottom of both Offer Letters asks consumers to "Sign up! It's easy to participate. There's no credit check required." <u>Ex. A</u>, <u>Ex. B</u>.

**Sign up!** It's easy to participate. There's no credit check required.
**Sign up!**
It's easy to participate. There's no credit check required.

15.     The bottom of the front page of the Offer Letters further requests that consumers "Please respond to this *debt solution Program...*" <u>Ex. A</u>, <u>Ex. B</u>.

**Please respond to this debt solution
Program on or before 12/31/2014.**

16.     Karla's Letter promised that, upon completion of the Program, her balance would be paid off and she would "become eligible for a bank-issued unsecured MasterCard® credit card." <u>Ex. A</u>.

If you successfully complete the payment plan below, you will become eligible to apply for a bank-issued unsecured MasterCard® credit card. Details on the MasterCard® credit card, including applicable rates, fees and terms for new purchases and cash advances, are available upon request and will be sent to you after you have successfully completed your payments. Please note th

17.     Louis's Letter promised that, upon completion of the Program, the remaining $225.00 in his account would be transferred to credit card, "an Emblem® MasterCard® as a bonus for completing the Program." <u>Ex. B</u>.

Once you have paid the Total Payment to Qualify Amount, you will receive a Debt Reduction Credit of $183.51 and you will qualify for a credit card. Your remaining Balance of $225.00* will then be transferred to a new credit card account.

18.     The Offer Letters were the first correspondence Plaintiffs received from Jefferson Capital regarding these alleged debts.

19.     The Offer Letters do not contain adequate notice of Plaintiffs' validation rights pursuant to 15 U.S.C. § 1692g.

20.     Both Plaintiffs received subsequent letters from Jefferson Capital dated January 14, 2015, that provide a more direct notice of debt placement and validation rights. Exhibit C, Exhibit D.

21.     Plaintiffs have received further correspondence similar to the Offer Letters dated April 30, 2015, May 12, 2015, and June 17, 2015, with the name of the Program changed to the "Payment Rewards Program."

22.     Upon information and belief, Jefferson Capital, as a matter of pattern and practice, mailed or caused to be mailed to alleged debtors correspondence substantially similar or materially identical to the Offer Letters mailed to Plaintiffs.

## CLASS ACTION ALLEGATIONS
## CLASS A
### *Violations of the FDCPA and CROA,*
### *Brought by Karla Gorchoff Individually and on Behalf of Class A*

23.     Plaintiff Karla Gorchoff hereby restates, realleges, and incorporates herein by reference paragraphs 1 – 22 as if set forth fully in this Count.

24.     Plaintiff brings this claim on behalf of a class (Class A) pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3) consisting of:

    a.  consumers residing in California;

    b.  that had received a materially identical or substantially similar form to that of Karla's Letter (Ex. A) regarding the Program;

    c.  as Jefferson Capital's initial correspondence regarding a purported debt;

    d.  to whom Jefferson Capital did not otherwise send a timely notice of validation rights;

    e.  within one (1) year of the filing of the instant complaint.

25. The proposed class is so numerous that joinder of all the members is impractical. The actual number of the class members is in the exclusive control of Defendant.

26. The proposed class is ascertainable in that the names and addresses of all members of the class can be identified in business records required to be maintained by Jefferson Capital.

27. There are questions of law and fact common to the members of the class. Such questions include, but are not limited to:

      a. Whether Jefferson Capital violated the FDCPA with its form Karla's Letter regarding the Program; and

      b. Whether Jefferson Capital violated the CROA with its form Karla's Letter regarding the Program.

28. Plaintiff's claims are typical of the claims of the putative class members, including:

      a. Plaintiff and all putative class members received form letters substantially similar to the Offer Letter as their initial correspondence from Jefferson Capital without a proper notice of validation rights being provided.

29. Plaintiff will fairly and adequately protect the interests of the classes and Plaintiff has hired counsel able and experienced in class action litigation.

30. Questions of law and fact common to the putative classes predominate over any questions affecting only individual putative class members, and a class action is superior to other available methods for the full and efficient adjudication of the controversy.

31. This Court and the parties would enjoy economies in litigating common issues on a class-wide basis instead of a repetitive, individual basis.

32. No unusual difficulties will likely occur in the management of the Class as all questions of law or fact to be litigated at the liability stage are common to the

1  putative class and all compensatory relief is concomitant with a liability finding and

2  can be calculated by automated and objective means.

3  **<u>COUNT I</u>**

4  ***Class A - Violation of the FDCPA, 15 U.S.C. § 1692g***

5      33.    Plaintiff restates, realleges, and incorporates by reference the allegations

6  contained in paragraphs 1-32 as if fully set forth herein.

7      34.    The FDCPA, 15 U.S.C. § 1692g(a)(3-5) states that a debt collector must,

8  within five days after the initial communication with a consumer in connection with a

9  debt, send the consumer a written notice ("Notice") containing:

10          a.  "a statement that unless the consumer, within thirty days after receipt of

11             the notice, disputes the validity of the debt, or any portion thereof, the

12             debt will be assumed to be valid by the debt collector."

13          b.  "a statement that if the consumer notifies the debt collector in writing

14             within the thirty-day period that the debt, or any portion thereof, is

15             disputed, the debt collector will obtain validation of the debt…"

16          c.  "a statement that, upon the consumer's written request within the thirty-

17             day period, the debt collector will provide the consumer with the name

18             and address of the original creditor."

19      35.    The FDCPA, 15 USC § 1692g(b) states that "[a]ny collection activities

20  and communication during the 30-day period may not overshadow or be inconsistent

21  with the disclosure of the consumer's right to dispute the debt or request the name and

22  address of the original creditor."

23      36.    Karla's Letter is a communication pursuant to 15 U.S.C. § 1692a(2).

24      37.    Karla's Letter does not contain or reference such Notice on its first page.

25      38.    Karla's Letter layout and verbiage, emphasizing the credit card offer,

26  undermines the effectiveness of any possible Notice.

27

28

Class Action Complaint

39.     The "Fresh Start" language, credit card offer, and discussion of the Program overshadow and are inconsistent with the debtor's rights to dispute the debt and request validation of the debt during the initial 30-day period. Ex. A.

40.     By using the form of Karla's Letter and not providing and/or overshadowing adequate notice of rights pursuant to 15 U.S.C. 1692g(b), Jefferson Capital violated said statute.

41.     Plaintiff and all class members were damaged by this omission and/or overshadowing.

WHEREFORE, Plaintiff prays for relief as follows:

    a.  Certification of the class action with Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

    b.  Entering judgment that Jefferson Capital violated 15 U.S.C. 1692(g);

    c.  Statutory damages as allowed under 15 U.S.C. 1692k.

    d.  All reasonable costs and attorney's fees incurred in prosecuting this action;

    e.  Such other further relief as the Court may deem just and proper.

## COUNT II

### Class A - Violation of the FDCPA, 15 U.S.C. § 1692e(10)

42.     Plaintiff restates, realleges, and incorporates by reference the allegations contained in paragraphs 1-32 as if fully set forth herein.

43.     The FDCPA, 15 U.S.C. § 1692e forbids "false, deceptive, or misleading representation or means in connection with the collection of any debt."

44.     The FDCPA, 15 U.S.C. § 1692e(10), expressly forbids "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

45.     To the least sophisticated consumer, the form of Karla's Letter is deceptive and misleading in that it purports to provide a guarantee of credit and a positive effect on creditworthiness using misleading language intentionally designed to confuse consumers.

46.     Plaintiff and all class members were damaged accordingly.

WHEREFORE, Plaintiff prays for relief as follows:

    a.  Certification of the class action with Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

    b.  Entering judgment that Jefferson Capital violated 15 U.S.C. 1692e(10);

    c.  Statutory damages as allowed under 15 U.S.C. 1692k.

    d.  All reasonable costs and attorney's fees incurred in prosecuting this action;

    e.  Such other further relief as the Court may deem just and proper.

## COUNT III

### *Class A - Violation of the CROA, 15 U.S.C. § 1679c*

47.     Plaintiff restates, realleges, and incorporates by reference the allegations contained in paragraphs 1-32 as if fully set forth herein.

48.     By sending the form Karla's Letter, Jefferson Capital used an instrumentality of interstate commerce or the mails to represent that it could provide services, in return for the payment of money or other valuable consideration, for the express or implied purpose of (i) improving any consumer's credit record, credit history, or credit rating; or (ii) providing advice or assistance to any consumer with regard to any such activity or service.

49.     Jefferson Capital acted as a credit repair organization pursuant to 15 U.S.C. § 1679a(3).

50.    The CROA requires that any credit repair organization provide a consumer, as a disclosure which is separate from any written contract or other agreement or any other written material provided to the consumer, a notice containing the language codified at 15 U.S.C. § 1679c.

51.    By the express terms of the form Karla's Letter, return of the participation slip and a timely first payment lead to enrollment in the Program, creating an agreement between Jefferson Capital and the consumer. <u>Ex. A</u>.

52.    Jefferson Capital therefore violated the provisions of 15 U.S.C. § 1679c(a-b) by not providing the disclosure mandated by the statute.

WHEREFORE, Plaintiff prays for relief as follows:

a. Certification of the class action with Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

b. Entering judgment that Jefferson Capital violated 15 U.S.C. § 1679c(a-b);

c. An award, pursuant to 15 U.S.C. § 1679g, of actual damages on behalf of the class;

d. An award of punitive damages;

e. All reasonable costs and attorney's fees incurred in prosecuting this action;

f. Such other further relief as the Court may deem just and proper.

## COUNT IV

### *Class A - Violations of the Rosenthal Act, Cal. Civil Code § 1788 et seq.*

53.    Plaintiff hereby restates, realleges, and incorporates herein by reference paragraphs 1-46 as if set forth fully herein.

54.    The Rosenthal Act prohibits unfair and deceptive acts and practices in the collection of consumer debts.

55.     Specifically, the Rosenthal Act incorporates the FDCPA's prohibitions with respect to debt collection in § 1788.17.

56.     Jefferson Capital therefore violated the Rosenthal Act by overshadowing any notice of validation rights and using false and deceptive representations.

57.     Because Jefferson Capital's violations of the Rosenthal Act were committed willingly and knowingly, Plaintiff and other class members are entitled to recover, in addition to actual damages, penalties as provided for in the act.

58.     Pursuant to § 1788.30(c), Plaintiff is entitled to recover all attorney's fees and costs incurred in bringing this action.

WHEREFORE, Plaintiff prays for relief as follows:

    a.   Certification of the class action with Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

    b.   Entering judgment that Jefferson Capital violation 15 U.S.C. 1692e(10);

    c.   Statutory damages as allowed under 15 U.S.C. 1692k.

    d.   All reasonable costs and attorney's fees incurred in prosecuting this action;

    e.   Such other further relief as the Court may deem just and proper.

## **CLASS B**

### *Violations of the FDCPA, CROA, and Rosenthal Act*

### *Brought by Louis Gorchoff Individually and on Behalf of Class B*

59.     Plaintiff Louis Gorchoff hereby restates, realleges, and incorporates herein by reference paragraphs 1 – 22 as if set forth fully herein

60.     Plaintiff brings this claim on behalf of a class (Class B) pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3) consisting of:

    a.   consumers residing in California;

  b. that had received a materially identical or substantially similar form to Louis's Letter (Ex. B) regarding the Program;

  c. as Jefferson Capital's initial correspondence regarding a purported debt;

  d. to whom Jefferson Capital did not otherwise send a timely notice of validation rights;

  e. within one (1) year of the filing of the instant complaint.

61. The proposed class is so numerous that joinder of all the members is impractical.  The actual number of the class members is in the exclusive control of Defendant.

62. The proposed class is ascertainable in that the names and addresses of all members of the class can be identified in business records required to be maintained by Jefferson Capital.

63. There are questions of law and fact common to the members of the class. Such questions include, but are not limited to:

  a. Whether Jefferson Capital violated the FDCPA with its form Louis's Letter regarding the Program; and

  b. Whether Jefferson Capital violated the CROA with its form Louis's Letter regarding the Program.

64. Plaintiff's claims are typical of the claims of the putative class members, including:

  a. Plaintiff and all putative class members received form letters substantially similar to Louis's Letter as their initial correspondence from Jefferson Capital without a proper notice of validation rights being provided.

65. Plaintiff will fairly and adequately protect the interests of the classes and Plaintiff has hired counsel able and experienced in class action litigation.

66.     Questions of law and fact common to the putative classes predominate over any questions affecting only individual putative class members, and a class action is superior to other available methods for the full and efficient adjudication of the controversy.

67.     This Court and the parties would enjoy economies in litigating common issues on a class-wide basis instead of a repetitive, individual basis.

68.     No unusual difficulties will likely occur in the management of the Class as all questions of law or fact to be litigated at the liability stage are common to the putative class and all compensatory relief is concomitant with a liability finding and can be calculated by automated and objective means.

## COUNT V

### Class B - Violation of the FDCPA, 15 U.S.C. § 1692g

69.     Plaintiff restates, realleges, and incorporates by reference the allegations contained in paragraphs 1-22 and 59-68 as if fully set forth herein.

70.     The FDCPA, 15 U.S.C. § 1692g(a)(3-5) states that a debt collector must, within five days after the initial communication with a consumer in connection with a debt, send the consumer a written notice ("Notice") containing:

a.   "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."

b.   "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain validation of the debt…"

c.   "a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor."

Class Action Complaint

71.     The FDCPA, 15 USC § 1692g(b) states that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

72.     Louis's Letter is a communication pursuant to 15 U.S.C. § 1692a(2).

73.     Louis's Letter does not contain or reference such Notice on its first page.

74.     Louis's Letter layout and verbiage, emphasizing the credit card offer, undermines the effectiveness of any possible Notice.

75.     The "Fresh Start" language and discussion of the Program overshadow and are inconsistent with the debtor's rights to dispute the debt and request validation of the debt during the initial 30-day period. Ex. B.

76.     By using the form of Louis's Letter and not providing and/or overshadowing any adequate notice of validation rights pursuant to 15 U.S.C. 1692g(b), Jefferson Capital violated said statute.

77.     Plaintiff and all class members were damaged by this omission and/or overshadowing.

WHEREFORE, Plaintiff prays for relief as follows:

    a.  Certification of the class action with Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

    b.  Entering judgment that Jefferson Capital violated 15 U.S.C. 1692(g);

    c.  Statutory damages as allowed under 15 U.S.C. 1692k.

    d.  All reasonable costs and attorney's fees incurred in prosecuting this action;

    e.  Such other further relief as the Court may deem just and proper.

## COUNT VI

### *Class B - Violation of the FDCPA, 15 U.S.C. § 1692e(10)*

78.     Plaintiff restates, realleges, and incorporates by reference the allegations contained in paragraphs 1-22 and 59-68 as if fully set forth herein.

79.     The FDCPA, 15 U.S.C. § 1692e forbids "false, deceptive, or misleading representation or means in connection with the collection of any debt."

80.     The FDCPA, 15 U.S.C. § 1692e(10), expressly forbids "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

81.     To the least sophisticated consumer, the form of Louis's Letter is deceptive and misleading in that it purports to provide a guarantee of credit and a positive effect on creditworthiness using misleading language intentionally designed to confuse consumers.

82.     Plaintiff and all class members were damaged accordingly.

WHEREFORE, Plaintiff prays for relief as follows:

    a. Certification of the class action with Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

    b. Entering judgment that Jefferson Capital violated 15 U.S.C. 1692e(10);

    c. Statutory damages as allowed under 15 U.S.C. 1692k.

    d. All reasonable costs and attorney's fees incurred in prosecuting this action;

    e. Such other further relief as the Court may deem just and proper.

## COUNT VII

### *Class B - Violation of the CROA, 15 U.S.C. § 1679c*

83.     Plaintiff restates, realleges, and incorporates by reference the allegations contained in paragraphs 1-22 and 59-68 as if fully set forth herein.

84.     By sending the form Louis's Letter, Jefferson Capital used an instrumentality of interstate commerce or the mails to represent that it could provide

services, in return for the payment of money or other valuable consideration, for the express or implied purpose of (i) improving any consumer's credit record, credit history, or credit rating; or (ii) providing advice or assistance to any consumer with regard to any such activity or service.

85.     Jefferson Capital acted as a credit repair organization pursuant to 15 U.S.C. § 1679a(3).

86.     The CROA requires that any credit repair organization provide a consumer, as a disclosure which is separate from any written contract or other agreement or any other written material provided to the consumer, a notice containing the language codified at 15 U.S.C. § 1679c.

87.     By the express terms of the form Louis's Letter, return of the participation slip and a timely first payment lead to enrollment in the Program, creating an agreement between Jefferson Capital and the consumer. Ex. A.

88.     Jefferson Capital therefore violated the provisions of 15 U.S.C. § 1679c(a-b) by not providing the disclosure mandated by the statute.

WHEREFORE, Plaintiff prays for relief as follows:

 a. Certification of the class action with Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

 b. Entering judgment that Jefferson Capital violated 15 U.S.C. § 1679c(a-b);

 c. An award, pursuant to 15 U.S.C. § 1679g, of actual damages on behalf of the class;

 d. An award of punitive damages;

 e. All reasonable costs and attorney's fees incurred in prosecuting this action;

 f. Such other further relief as the Court may deem just and proper.

Class Action Complaint

## COUNT VIII

### *Class B - Violations of the Rosenthal Act, Cal. Civil Code § 1788 et seq.*

89.   Plaintiff hereby restates, realleges, and incorporates herein by reference paragraphs 1-46 as if set forth fully herein.

90.   The Rosenthal Act prohibits unfair and deceptive acts and practices in the collection of consumer debts.

91.   Specifically, the Rosenthal Act incorporates the FDCPA's prohibitions with respect to debt collection in § 1788.17.

92.   Jefferson Capital therefore violated the Rosenthal Act by overshadowing any notice of validation rights and using false and deceptive representations.

93.   Because Jefferson Capital's violations of the Rosenthal Act were committed willingly and knowingly, Plaintiff and other class members are entitled to recover, in addition to actual damages, penalties as provided for in the act.

94.   Pursuant to § 1788.30(c), Plaintiff is entitled to recover all attorney's fees and costs incurred in bringing this action.

WHEREFORE, Plaintiff prays for relief as follows:

   a.  Certification of the class action with Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

   b.  Entering judgment that Jefferson Capital violation 15 U.S.C. 1692e(10);

   c.  Statutory damages as allowed under 15 U.S.C. 1692k.

   d.  Reasonable costs and attorney's fees incurred in prosecuting this action;

   e.  Such other further relief as the Court may deem just and proper.

DATED: November 25, 2015

**AMIR J. GOLDSTEIN**,
 _/s/ Amir J. Goldstein_____
One of Plaintiffs' Attorneys