O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KARLA GORCHOFF, individually and on behalf of all others similarly situated, and LOUIS GORCHOFF, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) ) | Case No. CV 15-09164 DDP (AGRx) **ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION AND GRANTING UNOPPOSED MOTION TO COMPEL ARBITRATION** |
| Plaintiffs, | ) ) | [Dkt. Nos. 26, 33] |
| v. | ) ) | |
| JEFFERSON CAPITAL SYSTEMS, LLC, | ) ) ) | |
| Defendant. | ) ) | |

Presently before the Court is Plaintiffs' Ex Parte Application to Continue Hearing from May 9, 2016, to Completion of Limited Discovery re: Motion to Compel Arbitration.  (Dkt. No. 33.)  Based on the parties' submissions, the Court adopts the following Order.

Plaintiffs failed to file an opposition to Defendant's Motion to Compel Arbitration.  (See Dkt. No. 32, Defendant's Notice of Non-Opposition to Motion to Compel Arbitration.)  The day after the Opposition was due, Plaintiffs emailed Defendant's counsel, asking to discuss Defendant's Motion to Compel Arbitration and for a stipulation to extend or stay the Motion so Plaintiffs could

1  conduct limited discovery.  (Dkt. No. 33-3, Ex. B.)  Defendant did
2  not agree to such a stipulation, and instead encouraged Plaintiffs'
3  counsel to discuss the arbitration agreements with Plaintiffs.
4  (Dkt. No. 33-4, Ex. C.)  Plaintiffs then filed this Ex Parte
5  Application, seeking to continue the hearing date of the Motion to
6  Compel Arbitration so that Plaintiffs can conduct discovery about
7  the arbitration agreements.  (Dkt. No. 33.)

8      Plaintiffs have not provided the Court with any explanation as
9  to why they did not file a timely opposition to Defendant's Motion
10 to Compel Arbitration.  Based on their own exhibits, Plaintiffs
11 were aware of the Motion to Compel Arbitration since March 8, 2016,
12 when Defendant sent an email pursuant to Local Rule 7-3 informing
13 Plaintiffs of Defendant's intention to file the Motion.  (Dkt. No.
14 33-2, Ex. A.)  Plaintiffs did not ask for a stipulation as to a
15 briefing schedule on the Motion until after their response to the
16 Motion was due and six weeks after Defendant's first email.  (Dkt.
17 No. 33-3, Ex. B.)  Plaintiffs do not explain this lapse in
18 communication or failure to oppose the Motion in their Ex Parte
19 Application.

20     Further, based on the Ex Parte Application, there does not
21 appear to be any reason for pre-Motion discovery.  The issues
22 Plaintiffs raised regarding the Motion are essentially legal
23 matters not dependent on factual discovery.  (See Dkt. No. 33 at 8
24 (raising issues as to "i) whether Plaintiffs entered into any
25 purported agreement; ii) the basis of knowledge for Defendant's
26 declarant who is employed with a non-party company; and iii)
27 whether Defendant is a party to either the document initially
28 presented to Plaintiff[s] or the separate document upon which the

motion is based").)   In any event, these issues should have been raised in an Opposition to the Motion to Compel Arbitration, not as the subject of an untimely Ex Parte Application filed after the Opposition was due and requesting amorphous discovery.

For all the reasons discussed above, the Court DENIES Plaintiffs' Ex Parte Application.  (Dkt. No. 33.)

Further, because Plaintiffs have failed to oppose the Motion to Compel Arbitration and lack good cause, the Court GRANTS Defendant's Motion to Compel Arbitration.  See C.D. Cal. R. 7-9, 7-12.  The Court recognizes the severity of the sanction in granting the unopposed Motion even as authorized by the Local Rules.  The Ninth Circuit requires district courts to consider five factors before deciding to enact such a sanction in a case like this:

> Before dismissing the action, the district court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).

After considering the five factors required by the Ninth Circuit, the Court finds that granting the unopposed Motion to Compel Arbitration still provides Plaintiffs a forum for relief and a decision on the merits, thus mitigating against the severity. Granting the Motion reduces the prejudice to Defendant, is consistent with the public's interest in expeditious resolution of litigation, and assists the Court in the efficient use of its resources and managing its docket.  Additionally, the Motion to Compel Arbitration and its exhibits facially appear to require this

1  dispute with the credit card company's assignee (Defendant) to be

2  arbitrated, including arbitrating potential disputes over the

3  validity of the arbitration agreements.  (See Mot. Compel

4  Arbitration, Dkt. No. 26-1; Dkt. No. 26-3, Ex. 1 (arbitration

5  agreement).)  Therefore, after considering all the factors and the

6  papers submitted by the parties, the Court GRANTS the unopposed

7  Motion to Compel Arbitration.  (Dkt. No. 26.)  This case is

8  DISMISSED with prejudice.  All pending motions in this case are now

9  VACATED.  (Dkt. Nos. 23, 24.)

10

11  IT IS SO ORDERED.

12

13  Dated: April 27, 2016

14                                    DEAN D. PREGERSON
                                      United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28