1

2

3                                                          O

4

5

6

7

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11   KARLA GORCHOFF, individually  )   Case No. CV 15-09164 DDP (AGRx)
     and on behalf of all others    )
12   similarly situated, and        )   **ORDER DENYING PLAINTIFFS' MOTION**
     LOUIS GORCHOFF, individually    )   **FOR RECONSIDERATION**
13   and on behalf of all others    )
     similarly situated,            )
14                                  )   [Dkt. 36]
                    Plaintiff,      )
15                                  )
          v.                        )
16                                  )
     JEFFERSON CAPITAL SYSTEMS,     )
17   LLC,                           )
                                    )
18                  Defendants.     )
                                    )
19   _____ )

20

21        Presently before the court is Plaintiffs Karla and Louis

22   Gorchoff's (collectively, "Plaintiffs") Motion for Reconsideration

23   of this Court's Order Granting Defendant Jefferson Capital Systems,

24   LCC's ("Defendant") Unopposed Motion to Compel Arbitration. (Dkt.

25   36.) Having considered the submissions of the parties, the court

26   denies the motion and adopts the following Order.

27   **I.   Background**

28        The court has set forth the relevant background in a prior

order concerning Defendant's unopposed Motion to Compel
Arbitration. In brief, Plaintiffs brought suit on behalf of
themselves and a purported class alleging that Defendant sent
certain letters in violation of the Fair Debt Collection Practices
Act ("FDCPA"), the Credit Repair Organizations Act ("CROA"), and
the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). (See
Dkt. 1.) Plaintiffs received these letters in connection with an
alleged debt they owe on their Premier Bankcard Mastercard
Accounts. (Dkt. 1, Exs. A, B.) The letters invite Plaintiffs to
join a program that offers certain debt reduction credits if
Plaintiffs make sufficient qualifying payments. (Id.)

On February 2, 2016, Defendant filed a Motion to Dismiss under
Rule 12(b)(6). (Defendant's Motion to Dismiss, Dkt. 17.) On March
28, 2016, after the Motion to Dismiss was fully briefed, Defendant
filed a Motion to Compel Arbitration set for hearing on May 9,
2016. (Motion to Compel Arbitration, Dkt. 26.) On April 1, 2016,
the Motion to Dismiss was vacated. (Dkt. 31.) Pursuant to Local
Rule 7-9, Plaintiffs' opposition to the Motion Compel Arbitration
was due on April 18, 2016 but Plaintiffs did not meet that
deadline. (See Dkt. 32.) The day after the Opposition was due,
Plaintiffs emailed Defendant's counsel, asking to discuss the
Motion to Compel and the possibility of extending or staying the
briefing schedule pending limited discovery. (Dkt. 33-3, Ex. B.)
Defendant did not agree to such a stipulation, and, on April 22,
2016, Plaintiffs filed an Ex Parte Application before this Court
seeking to continue the hearing date of the Motion to Compel.
(Plaintiffs' Ex Parte Application, Dkt. 33.)

1    This Court denied Plaintiffs' Ex Parte Application and granted
2    Defendant's Motion to Compel Arbitration. (Dkt. 35.) In particular,
3    the court noted that Plaintiffs were aware of Defendant's Motion to
4    Compel Arbitration since March 8, 2016 and did not ask for any
5    extensions until after the response to the Motion was due, nearly
6    six weeks after Defendant's first email. (Id. at 2.) The court also
7    noted that the agreement between Plaintiff and their credit card
8    company's assignee (Defendant) facially appeared to require this
9    dispute be arbitrated, including arbitrating potential disputes
10   over the validity of the arbitration agreement. (Id. at 3-4.)
11   Finally, the court dismissed the case with prejudice and vacated
12   all pending motions. (Id. at 4.) Plaintiffs now seek
13   reconsideration of this Order.

14   **II.   Legal Standard**

15       Amendment or alteration of a judgment is only appropriate
16   under Rule 59(e) if "(1) the district court is presented with newly
17   discovered evidence, (2) the district court committed clear error
18   or made an initial decision that was manifestly unjust, or (3)
19   there is an intervening change in controlling law." Zimmerman v.
20   City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001). The rule
21   "offers an extraordinary remedy, to be used sparingly in the
22   interests of finality and conservation of judicial resources."
23   Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th
24   Cir. 2000). "A Rule 59(e) motion may *not* be used to raise arguments
25   or present evidence for the first time when they could reasonably
26   have been raised earlier in the litigation." Id. See also Exxon
27   Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008); School Dist.

28

1  <u>No. 1J, Mulnomah County, Or. v. ACandS, Inc.</u>, 5 F.3d 1255, 1263

2  (9th Cir. 1993).

3     Alternatively, under Federal Rule of Civil Procedure 60(b), a

4  party may seek reconsideration of a final judgment or court order

5  for any reason that justifies relief, including:

6         (1)  mistake, inadvertence, surprise, or excusable neglect;

7         (2)  newly discovered evidence that, with reasonable
            diligence, could not have been discovered in time to
8            move for a new trial under Rule 59(b);

9         (3)  fraud (whether previously called intrinsic or
            extrinsic), misrepresentation, or misconduct by an
10           opposing party;

11        (4)  the judgment is void;

12        (5)  the judgment has been released or discharged; it is
            based on an earlier judgment that has been reversed or
13           vacated; or applying it prospectively is no longer
            equitable; or
14
15        (6)  any other reason that justifies relief.

   Fed. R. Civ. P. 60(b)(1)-(6).
16
17     Central District of California Local Rule 7-18 further

18  explains that reasons to support a motion for reconsideration

   include:
19
20        (a) a material difference in fact or law from that
         presented to the Court . . . that . . . could not have been
21        known to the party moving for reconsideration at the time
         of such decision, or (b) the emergence of new material
22        facts or a change of law occurring after the time of such
         decision, or (c) a manifest showing of a failure to
23        consider material facts presented to the Court before such
         decision.

24  C.D. Cal. L.R. 7-18. A motion for reconsideration may not, however,

25  "in any manner repeat any oral or written argument made in support

26  of or in opposition to the original motion." <u>Id.</u>

27  **III. Discussion**

28

1    Plaintiffs argue that this court should reconsider its prior
2    Order compelling arbitration because Plaintiffs' failure to comply
3    with briefing deadlines was a result of excusable neglect. (Motion
4    for Reconsideration 3.) Plaintiffs do not, however, offer any new
5    explanation for the failure to file a timely opposition. (See C.D.
6    Cal. L.R. 7-18.) Rather, they contend that Defendant suffered no
7    prejudice as a result of Plaintiffs' delay. (Id. at 11.) In
8    support, Plaintiffs rely on a single case where good cause was
9    found for a one-week delay in filing an opposition to a motion for
10   summary judgment. (Id. at 2 (citing Ahanchian v. Xenon Pictures,
11   Inc., 624 F.3d 1253, 1258 (9th Cir. 2010)).) In Ahanchian, however,
12   the tardy litigant had both attempted to negotiate an extension
13   with the opposing party and filed an ex parte application seeking
14   an extension prior to the filing deadline before ultimately
15   submitting an opposition three days late. Id. at 1256-57. Further,
16   there was evidence in that case of the opposing party attempting to
17   take advantage of a federal holiday to shorten the timeline for
18   filing opposition papers. Id. at 1259. Here, there is no similar
19   showing of diligence by Plaintiffs and no similar suggestion of
20   foul play by Defendant. As discussed in the court's prior Order,
21   Plaintiffs did not ask for any extensions or make any efforts to
22   communicate with the opposing party until after the acknowledged
23   filing deadline. (Dkt. 35 at 2.)

24   While the court could conclude its analysis at this juncture
25   and deny Plaintiffs' motion, it proceeds to consider Plaintiffs'
26   contention that the substantive claims at issue in this action are
27   not subject to the arbitration agreement out of an abundance of
28   caution. In full, the relevant provision of the arbitration

agreement provides: "Any Claim arising out of or relating to this Contract, or the breach of this Contract or your Credit Account, shall be resolved and settled exclusively and finally by binding arbitration, in accordance with this Provision." (Dkt. 26-1, Ex. 1 ("Arbitration Agreement") at 4.) The agreement further provides that the terms of the agreement extend to all "agents and assigns." (Id.)

On its face, the agreement appears to require that disputes such as Plaintiffs be resolved by binding arbitration.  Defendant is the assignee of a contracting party and the present suit concerns the lawfulness of Defendant's debt collection activities related to debts incurred by Plaintiffs on their "Credit Account." (See Declaration of Julie K. Gilson, ¶ 14; Dkt. 1) Plaintiffs rely on two provisions of the arbitration agreement to argue that this case presents non-arbitrable issues but neither seems applicable here. The first states that "Binding arbitration shall not be required, however, for collection actions by us relating to your Credit Account." (Arbitration Agreement at 4.) While this provision clarifies that debt collectors are not required to use arbitration in collection actions, it says nothing about actions brought by debtors against collectors. The second provision states that a "court of law, not an arbitrator, shall determine the validity and effect of this Provision's prohibition of class arbitration." (Id. at 4.) There are currently no claims challenging the validity of the class arbitration prohibition before the court nor does this Court's prior order compelling arbitration constitute a ruling on the validity of any prohibition of class arbitration.

1      Finally, Plaintiffs ask this court to consider issuing a less

2 harsh sanction. (Mot. 7-8.) While the court's prior Order

3 recognized the "severity of the sanction," it nonetheless concluded

4 that granting the Motion to Compel was justified. (Dkt. 35 at 3.)

5 Plaintiffs have not submitted any additional evidence pursuant to

6 Local Rule 7-18 to warrant reconsideration of this conclusion.

7 Having ordered the parties to arbitrate their claims, the court has

8 discretion over whether to dismiss the action or stay proceedings.

9 See <u>Sparling v. Hoffman Const. Co., Inc.</u>, 864 F.2d 635, 638 (9th

10 Cir. 1988) (discussing 9 U.S.C. § 3 and holding that "[t]he

11 district court acted within its discretion when it dismissed" a

12 case after submitting all claims to arbitration). In this case, the

13 Court revises its prior Order to stay the action rather than

14 dismiss with prejudice. The court does not, however, reinstate any

15 previously vacated motions.

16

17 IT IS SO ORDERED.

18

19

20 Dated: July 13, 2016

21                DEAN D. PREGERSON
               United States District Judge

22

23

24

25

26

27

28

7